# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 28, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Angela B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-3181-BAH

Dear Counsel:

On December 15, 2021, Plaintiff Angela B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, ECFs 11 and 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits, alleging a disability onset of November 13, 2017. Tr. 101–07, 346–49. Plaintiff's claims were denied initially and on reconsideration. Tr. 121–60, 189–92, 201–07. On April 22, 2020, an Administrative Law Judge ("ALJ") held a hearing, Tr. 66–99, and, on May 29, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 163–81. The Appeals Council ("AC") remanded the case back to the ALJ on November 20, 2020, to "[g]ive further consideration to the medical source opinions of Dr. Oppong." Tr. 182–87. Another hearing was held on March 22, 2021, Tr. 36–65, and, on June 1, 2021, the ALJ again found Plaintiff not disabled, Tr. 14–35. This time, the AC denied Plaintiff's request for review, Tr. 1–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] 42 U.S.C. §§ 301 et seq.

*Angela B. v. Kijakazi*
Civil No. 21-3181-BAH
November 28, 2022
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 13, 2017, the alleged onset date."  Tr. 19.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Ehlers-Danlos Syndrome (EDS), fibromyalgia, and migraine."  Tr. 19.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of endometriosis and panic disorder.  Tr. 20.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 21.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: she can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, but never crawl; never be exposed to vibrations and hazards such as dangerous moving machinery and unprotected heights; frequent reaching in all directions and handling bilaterally; moderate noise intensity level as defined in the DOT; would need a cane to ambulate to and from the workstation.

Tr. 22.  The ALJ determined that Plaintiff was able to perform past relevant work as a substance abuse counselor (DOT Code 045.107-058)[2]  as well as other jobs that existed in significant numbers in the national economy.  Tr. 27–29.  Therefore, the ALJ concluded that Plaintiff was not

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Angela B. v. Kijakazi*
Civil No. 21-3181-BAH
November 28, 2022
Page 3

disabled.  Tr. 29.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ: (1) erroneously evaluated Plaintiff's subjective complaints and (2) failed to evaluate the opinion of State agency consultative psychological examiner, Dr. Phillips. ECF 11-1, at 7–13. Defendant counters that the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence and complies with the relevant regulations. ECF 12-1, at 5–8. Defendant further argues that the ALJ was not required to evaluate Dr. Phillips's report under the regulations, but, even if the ALJ did improperly fail to evaluate the report, such error was harmless. *Id.* at 8–10.

An ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1529(b)–(c), 416.929(b)–(c)). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.* (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)). "Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). This "determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." *Id.* (citing 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a

*Angela B. v. Kijakazi*
Civil No. 21-3181-BAH
November 28, 2022
Page 4

claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020).

Here, at the first step of evaluating Plaintiff's subject complaints of pain, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." Tr. 24.  Nevertheless, the ALJ failed to provide adequate analysis at the second step; thus I am unable to find that the ALJ's determination is supported by substantial evidence and find that remand is required.

The ALJ began the analysis by summarizing Plaintiff's medical history.  Tr. 24–25.  Yet despite Plaintiff's consistent reporting of debilitating pain, the ALJ's summary overemphasized the limited instances of some improvement in Plaintiff's pain with treatment.  Tr. 24–25.  For example, in recounting Plaintiff's treatment history, the ALJ noted improvements documented in Plaintiff's treatment notes.  Tr. 24–25.  The ALJ noted that in April 2018, Plaintiff began seeing a pain management specialist and "rated her pain level at 8/10."  Tr. 24.  The ALJ went on to note that, at a follow-up appointment, "Dr. Oppong noted that the claimant's medication changes had 'helped somewhat' to alleviate her pain, and that it was now mainly in her back."  Tr. 24 (citing Tr. 566).  Though these treatment notes do indicate that treatment has "helped somewhat," Plaintiff's pain level had dropped only one level to a 7/10.  Tr. 566.

The ALJ similarly mischaracterized the improvement in pain that May 2020 treatment notes purportedly demonstrate.  The ALJ noted that on this visit, Dr. Oppong prescribed a left thumb brace and a cane; "[h]owever, his corresponding treatment notes state that the claimant's treatment had helped 'significantly decrease the pain' and reflect a normal on [sic] evaluation." Tr. 25 (citing Tr. 1205, 1207).  This "significant decrease" in pain with treatment is Plaintiff's reported drop in pain level from a 10/10 to a 6/10.  Tr. 1205.  Despite the ALJ noting "normal" examinations regarding Plaintiff's pain on this visit, treatment notes actually document numerous "abnormal" findings related to Plaintiff's pain including "limited neck range of motion with lateral rotation, tight cervical paraspinous muscles" on both the left and right, "[p]ain with internal and external rotation of left shoulder joint, tight thoracic paraspinous muscles" on both the left and right, "tight lumbar paraspinous muscles" on both the left and right, "[l]imited lumbar range of motion in all planes, [p]ositive FABER/Patrick's test" on both the left and  right, "[p]ain with left SI joint palpation," "[p]ositive pain with left" and "right knee extension," and "[p]ain on palpation of the lumbar paraspinal muscles."  Tr. 1207.  It is not clear to the undersigned how these treatment notes establish improvements in Plaintiff's pain sufficient to render it not disabling or how they support the ALJ's overarching conclusion that "the objective medical evidence simply does not demonstrate disabling functional limitations."  Tr. 24.  Even if such evaluations were normal, "the Fourth Circuit noted [in *Arakas*] that normal, objective clinical and laboratory results are not inconsistent with allegations of disabling pain." *India G. v. Kijakazi*, No. DLB-20-1704, 2021 WL 3930430, at *3 (D. Md. Sept. 1, 2021).[3]

---

[3] The ALJ also characterized January 2020 treatment notes as "the claimant reported feeling good, but sore.  She also reported less tenderness in the hips and improvement in strength."  Tr. 25.

The ALJ also relied on evidence of Plaintiff's noncompliance with treatment to discount her subjective complaints of pain.   Tr. 25.   But "the mere existence of some evidence of noncompliance does not on its own permit a finding that Plaintiff is less than credible, intentionally noncompliant, or suffering symptoms less serious than described[.]"  *Latonya W. v. Kijakazi*, No. SAG-20-1413, 2021 WL 4170428, at *3 (D. Md. Sept. 14, 2021) (citing SSR 96-7p, 1996 WL 374186 (July 2, 1996)).   Here, the record is clear, and the ALJ acknowledged, that Plaintiff's noncompliance with specific medications in February 2018 was because she was experiencing "decreased sexual drive side effects" and her noncompliance in the spring of 2019 was a result of her "attempt to cope with an abusive relationship" after she suddenly had to move in with her mother.  Tr. 25 (citing Tr. 549, 552, 955, 958).  As in *Latonya W.*, the ALJ's analysis here "fails to elucidate [the ALJ's] conclusions with respect to Plaintiff's ability to comply with her medication regimen or her possible 'good reasons' for failing to take her medication."  *Latonya W.*, 2021 WL 4170428, at *3.  The ALJ also neglected to explain how these limited instances of Plaintiff's noncompliance with specific medications undercut the intensity, persistence, and limiting effects of the pain she alleges, especially considering Plaintiff consistently pursued pain management treatment during the relevant time.

Defendant argues that the ALJ properly considered Plaintiff's treatment history, non-medication treatment, and her testimony under 20 C.F.R. §§ 404.1529 and 416.929 in discounting her subjective complaints of pain.   ECF 12-1, at 6–7.   "In instances of fibromyalgia, [these regulations] and the body of law stemming therefrom must be interpreted and applied through the lens of *Arakas*."  *India G.*, 2021 WL 3930430, at *3.  Defendant claims that Plaintiff "points to no support for [the] assertion" that "her EDS is not an impairment 'where severity can be documented by objective evidence.'"  ECF 12-1, at 6 (quoting ECF 11-1, at 10).  Defendant fails to realize that Plaintiff made this assertion regarding both Plaintiff's "impairments of Ehlers Danlos Syndrome *and fibromyalgia*."  ECF 11-1, at 10 (emphasis added).  As the Fourth Circuit clearly noted in *Arakas*, fibromyalgia is "a disease whose 'symptoms are entirely subjective,' with the exception of trigger-point evidence" so "ALJs may not rely on objective medical evidence (or lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia . . . ."  983 F.3d 83, 97 (4th Cir. 2020) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)).  Thus, because the ALJ failed to comply with the requirements of *Arakas*, remand is warranted here.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to properly evaluate Dr. Phillips's report.  On remand, the

---

Though the treatment notes do document that Plaintiff reported "less tenderness," they also describe that Plaintiff "continues with significant weakness, though somewhat better[.]"  Tr. 1061.  The treatment notes also qualify these improvements as "limited, slower than expected" and "function have [sic] fluctuated quite a bit during this past first month of PT treatment" "[d]ue to the chronic, systemic nature of EDS."  Tr. 1061.  Though these notes have to do with strength, not necessarily pain, they nevertheless do not support a conclusion that Plaintiff's pain is not as debilitating as she claims, and the ALJ failed to explain how they do.

*Angela B. v. Kijakazi*
Civil No. 21-3181-BAH
November 28, 2022
Page 6

ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

**V.      CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 12, is DENIED, and Plaintiff's alternative motion for remand, ECF 11, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge